STATE OF NORTH CAROLINA v. CHARLES HEWITT

No. 7720SC307

(Filed 21 September 1977)

**Weapons and Firearms— shooting into inhabited dwelling—insufficiency of evidence**

In a prosecution for discharging a firearm into an inhabited dwelling, evidence was insufficient for the jury where it established no opportunity or motive on the part of defendant to commit the crime; and the only evidence connecting defendant with the offense charged was that a spent .22 caliber casing found on a paved, public road near the house shot into was, in the opinion of a ballistics expert, fired from the gun found under a sofa in defendant's home.

Judge CLARK dissenting.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 3 February 1977 in Superior Court, UNION County. Heard in the Court of Appeals 1 September 1977.

Defendant was charged in a proper bill of indictment with discharging a firearm into an inhabited dwelling in violation of G.S. 14-34.1. Upon his plea of not guilty, the State offered evidence tending to show the following:

On the night of 1 November 1976 Morris and Larry Rowell were at the latter's mobile home in Union County. The home is located on a rural paved road in a fairly wooded area. At approximately 8:30 p.m. they heard the engine of a vehicle slowing down and heard eight to ten noises "like firecrackers which occurred in rapid succession." Although the Rowells immediately left the mobile home in an automobile, they were unable to identify or pursue the vehicle they had heard immediately before they heard the noises. Upon their return, they inspected the front of the home and found two holes near the kitchen window. The holes, which had never been noticed before the night in question, appeared to be bullet holes. Within thirty minutes some deputy sheriffs arrived at the Rowell home and conducted a search of the premises with flashlights. This search produced one bent .22 caliber casing on the side of the road approximately fifty to sixty feet from the home. There was no evidence as to how long the casing had been lying at the location where it was found. The following afternoon another search conducted by the deputies produced six or seven additional .22 caliber casings, some found near the first one and others found on the other side of the road.

At approximately 10:30 p.m. on the night in question, after a search of defendant's home with his consent, a loaded .22 caliber pistol was found under the sofa. A ballistics expert testified that in his opinion one of the .22 caliber casings found on the side of the public road near the Rowell home had been fired by the .22 caliber pistol found in defendant's home. There was no evidence that the other casings found in the vicinity were fired by the defendant's gun. Neither Larry nor Morris Rowell knew defendant or knew of any reason why he would want to harm them.

Defendant offered no evidence.

On submission of the case to the jury the defendant was found guilty as charged. From the judgment imposing a prison term of 8 years in the county jail, defendant appeals.

*Attorney General Edmisten by Associate Attorney Mary I. Murrill for the State.*

*Bailey, Brackett and Brackett by Terry D. Brown for the defendant appellant.*

HEDRICK, Judge.

As his sole assignment of error, defendant contends that the court erred in its denial of defendant's motion for judgment as of nonsuit.

In determining the sufficiency of the evidence to withstand a motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, including all reasonable inferences which could be drawn therefrom. *State v. Bruton*, 264 N.C. 488, 142 S.E. 2d 169 (1965). In the present case the evidence is largely uncontroverted. The question then is whether on the basis of this evidence a jury could reasonably infer that an offense has been committed, and that the defendant committed it. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967).

While we think it may be reasonably inferred from the evidence that the offense charged in the bill of indictment was committed, we think the evidence is insufficient to raise more than a suspicion that the defendant committed the crime. *State v. Cutler, supra; State v. Brackville*, 106 N.C. 701, 11 S.E. 284 (1890). The only evidence connecting defendant with the offense charged is that a spent .22 caliber casing found on the paved road near the Rowell home was, in the opinion of the ballistics expert, fired from the gun found in the defendant's house. We can only speculate that the holes observed in the Rowell home were actually made by a bullet from the spent .22 caliber casing fired from defendant's gun. *State v. Cutler, supra.* Furthermore, since there is no evidence that defendant had an opportunity or motive to commit the crime, we can do no more than speculate that defendant actually fired the gun which left the casing on the side of the road. Thus, we hold that the court erred in denying defendant's motion for judgment as of nonsuit.

Reversed.

Judge VAUGHN concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The evidence and reasonable inferences therefrom, considered in the light most favorable to the State, tend to show:

Eight to ten shots were fired at the trailer home from a motor vehicle on the road where the eight or nine .22 caliber shell cas-

ings were found, and at least two bullets struck and were imbedded in the home. Two hours after the shooting the .22 caliber weapon which fired these shots was found in defendant's home behind the sofa where defendant was sitting. The weapon was fully loaded with .22 caliber cartridges, and some .22 caliber cartridges were found in defendant's pocket.

It is my opinion that from the totality of circumstances it may reasonably be inferred that defendant committed the charged crime, and the trial court did not err in denying the motion for judgment as of nonsuit.