IN THE MATTER OF JERRY WAYNE VINSON

No. 7818DC1096

(Filed 20 March 1979)

**Infants § 18— juvenile delinquency proceeding—sufficient evidence of identity**

Testimony by the prosecuting witness in a juvenile delinquency proceeding as to the identity of respondent as the person who robbed and assaulted her was sufficient to overcome respondent's motion for nonsuit where she stated that respondent looked the same in the face as the boy who attacked her although he seemed a little smaller than her assailant.

Judge WEBB dissenting.

APPEAL by respondent from *Pfaff, Judge.* Judgment entered 5 July 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 2 March 1979.

This juvenile court delinquency proceeding was commenced against the respondent, a thirteen-year-old boy, by verified petition filed 7 June 1978 in which it is alleged that respondent is

delinquent in that on 8 May 1978 he did unlawfully steal $178.00 from 502 Garrett Street in Greensboro, when Maude Vaden was present and in attendance. Respondent committed this act by means of an assault consisting of having in his possession and threatening the use of a handgun whereby the life of Maude Vaden was threatened and endangered in violation of G.S. 14-87. The petition was signed by J. W. Allen of the Greensboro Police Department. Summons was duly issued and served.

Evidence presented at the hearing tended to show that respondent went to the home of Mrs. Maude Vaden on 10 May 1978 and asked for a drink of water. After Mrs. Vaden let him in, the respondent pulled a gun on her, blindfolded and tied her up, beat her and took almost $200.00 from her pocketbook. Respondent threatened to kill Mrs. Vaden, exposed himself to her and cut the telephone lines in her house. On cross-examination Mrs. Vaden stated that respondent seemed a little smaller than the boy that attacked her but on redirect examination she stated that respondent looked the same in the face as the boy that she saw on that day. No evidence was offered by the respondent.

The court adjudicated the child to be a delinquent and proceeded with the disposition of the case. The State presented the testimony of Detective Allen as to other charges which had been lodged against the respondent. The court found that the respondent's behavior constituted a severe threat to persons and property in the community and that respondent would not adjust in his own home on probation or other services and therefore the court committed him to the Department of Human Resources, Youth Services Division, until his eighteenth birthday and that he be given extensive psychological evaluation and treatment. From this order, respondent appeals.

*Attorney General Edmisten, by Associate Attorney Steven Mansfield Shaber, for the State.*

*Public Defender Wallace C. Harrelson, for the respondent.*

MARTIN (Robert M.), Judge.

The question dispositive of this case is whether the court erred in denying defendant's motion for judgment of nonsuit. Defendant does not contest the proof of a crime against Mrs. Vaden.

He argues that Mrs. Vaden's testimony identifying him as her robber and assailant was insufficient to survive his motion for nonsuit. On such motion the evidence is taken in the light most favorable to the State. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967); *State v. Hewitt*, 34 N.C. App. 109, 237 S.E. 2d 311 (1977).

The State's evidence shows that Mrs. Vaden identified the defendant as the person who assaulted her and took her money. Mrs. Vaden's evidence further shows that the defendant used a gun during the robbery. On cross-examination, Mrs. Vaden said, "[In] the face [appellant], looks just like the boy [that robbed me]. Well, it [appellant] looks just like him [the robber] in the face . . .; I could be wrong, but in the face, that's [appellant is] the boy." On redirect examination, Mrs. Vaden said, "Yes, he [appellant] looks the same in the face as the boy that I saw that day." This evidence will survive a motion for nonsuit.

In the trial we find no prejudicial error.

No error.

Judge MITCHELL concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority because I do not feel the prosecuting witness sufficiently identified the respondent to support a finding that he was the person who assaulted her.